BOWLES, Adm'r, Office of Price Administration v. PLATT.

No. 581.

District Court, D. Delaware.

Feb. 18, 1946.

Howard L. Fussell, Enforcement Attorney, of Wilmington, Del., for the Office of Price Administration.

H. Albert Young, of Wilmington, Del., for defendant.

LEAHY, District Judge.

The Administrator of OPA alleged that defendant charged and received through May 11, 1944–45 $9,489.96 in excess of ceiling prices for beef and veal cuts. At trial, it all simmered down to an alleged overcharge of $790.38 for the month of March 1945. Treble damages originally sought were $28,469.88. Admittedly, now, the amount is $2,371.14.

Plaintiff's evidence was adduced by an OPA investigator whose testimony was based on records which defendant supplied upon request. These records show sales of 50,143 pounds of beef-cuts to kosher and other retailers. Plaintiff contends there is a total absence of evidence to support defendant's position that he was entitled to rely on OPA kosher regulations.[1] The is-

---

[1] OPA schedules for kosher meats are contained in RMPR 169, § 1364.452(d) (3). Transportation allowances for kosher beef are contained in § 1364.454(a) (2), which provides: "For transportation from the point at which the meat was slaughtered in Price Zone * * * 9 * * * to a distribution point located in the same price zone as the slaughtering point, other than another slaughtering or packing plant owned or controlled by the same seller, the seller may add the actual cost of transportation computed at the lowest common carrier rate for the method of transportation used, but in no event more than $.25 per cwt."

sue is what was the kind of sales made by defendant in March 1945; it is one of fact; it is—was defendant entitled to any of the claimed additions? In support of the prices actually charged, defendant sets out its argument in this fashion:

1. Difference between the kosher and nonkosher base price[2]— 11,897 pounds @ 75¢ per cwt. ... $ 89.22
2. Kosher addition[3] — 11,897 pounds @ $1.20 per cwt. ... 142.76
3. Wholesaler's selling addition[4] 50,143 pounds @ $1.00 per cwt. ... 501.00
4. Transportation allowances[5] 50,-143 pounds @ 25¢ per cwt. ... 127.85

Total ... $860.83

■ 1. The evidence is clear sales to retailers Sklut, Cohen, Vitless, Isaac and Bank involved kosher meat. All sales were of forequarters, except one sale of a hindquarter to Vitless. In addition, all retailers who bought meat from defendant are located in Wilmington. It is common knowledge they operate kosher establishments. The difference in price between kosher and non-kosher meat amounts to $89.22. This brings the overcharge of $790.38 down to $701.16.

■ 2. Under the regulations, defendant must show he legally acquired the meat and the product he sold bore the abattoir stamp. There was no evidence he had not acquired the meat legally. The only evidence concerning the abattoir stamp is found in an answer defendant made on cross-examination. He was asked by OPA counsel if the meat bore such a stamp and defendant answered it did. As there is nothing in contradiction the answer will be accepted. Addition of $142.76 for sale of kosher meat under this item will be allowed.

■■ 3. If found to be a wholesaler under the regulations, defendant is entitled to the $501 addition. Defendant testified he had been in the wholesale business since 1917. The evidence shows for the month of March, 1945, he purchased over 50,000 pounds of beef from two local slaughtering houses. Plaintiff argues defendant was a slaughterer and not a wholesaler and therefore cannot take advantage of the additions allowed by § 1364.454(d). Defendant's testimony that he was a wholesaler stands uncontradicted. Moreover, there was no showing by plaintiff defendant owned or controlled in whole or in part any slaughtering business. Without more, I should accept plaintiff's uncontradicted testimony and conclude he was, in fact, a wholesaler and not a slaughterer. But here, defendant is attempting to justify an over the ceiling charge. He may do so only if he has complied with the regulations. § 1364.454(d) provides that on the sale of any beef by a person who at the time of sale is a wholesaler, he may add $1 per cwt. to the applicable zone price; but, the regulations specifically provide that after November 23, 1944, no person shall charge such an addition without first having filed with the OPA a statement that the person is a wholesaler and, as such, comes within the definition of a wholesaler found in § 1364.-455(a) (14)(i) or (ii). Plaintiff showed the local OPA office has no registered statement filed by defendant. As defendant seeks to take advantage of additions over ceiling, the burden shifts to him to demonstrate he comes within the classification of

A wholesaler's selling addition is found in § 1364.454(d): "On the sale of any beef item subject to this regulation not obtained through custom slaughtering * * * a person who at the time of the sale is a wholesaler may add $1.00 per cwt. to the applicable zone price; provided, however, that after November 23, 1944, no person shall charge the addition permitted by this section * * * unless such person first shall have filed with the appropriate district office of the Office of Price Administration a signed statement that the person is a wholesaler * * *."

A $1.20 addition is permitted for kosher wholesale cuts from cattle slaughtered in limited areas as provided by § 1364.451(e): "For any grade of kosher beef triangle or kosher beef wholesale cut, * * * and which clearly bear the abattoir stamp at the time of sale, the seller may add $1.50 per cwt. to the applicable Zone 9 price provided that such wholesale cut or cuts shall be sold to a bona fide buyer of kosher meat located in the portion of Zone 9 north of the Potomac River. In the case of kosher forequarters derived from cattle slaughtered in the same area and sold under the same conditions, the seller may add $1.20 per cwt. to the applicable Zone 9 price."

[2] Cf. Schedules in RMPR 169; non-kosher, § 1364.452(d) (2) and kosher, § 1364.452(d) (3).

[3] § 1364.454(c).

[4] § 1364.454(3) (d).

[5] § 1364.454(2).

wholesaler in order to sustain his right to add $501 to the March 1945 sales of meat. The mere fact he purchased over 50,000 pounds of beef from two local slaughtering houses ·in March, 1945, is not persuasive evidence that, absent any other evidence on the point, he may enjoy the administrative indulgence in making an addition to the ceiling price. Hence, as defendant failed to prove he came within the regulation making special provision for wholesalers, the item of $501 will be disallowed.·

4. Defendant is not entitled to transportation allowances of $127.85. Such charges under the regulations must be specifically "on an invoice to the buyer". Failure on defendant's part to make the itemization is admitted. No cogent reason has been advanced why defendant should be allowed this sought addition. Where the regulations allow an addition over ceiling if a certain act is done, this can mean that and nothing more. Failure to comply results in inability to go over ceiling.

Accordingly, it is concluded during March, 1945, defendant was entitled to additions not for $860.83 but for $231.98 which is the sum of Items 1 and 2 discussed above. His overcharges were $790.38. Defendant may have believed he was a wholesaler; he may, in fact, have operated as such; but he clearly was not a wholesaler under the regulation. Since no evidence was adduced showing bad faith on defendant's part and no other ground is apparent which requires an award for treble damages, defendant will be required to turn over to plaintiff $558.40, the actual amount of overcharge.

An order may be submitted.